# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RASHONDA SMITH, et al.,<br><br>　　　　　Defendants. | Case No. 2:17-cv-00156-GMN-DJA<br><br>**ORDER** |

Presently before the Court are the following matters:

- Defendants' Motion for Sanctions (ECF No. 63), filed on October 13, 2020, Appendix (ECF No. 64), filed on October 13, 2020, Plaintiff's Response (ECF No. 67), filed on October 28, 2020, and Defendants' Reply (ECF No. 75), filed on November 10, 2020.
- Plaintiff's Countermotion for Sanctions (ECF No. 68), filed on October 28, 2020, Defendants' Response (ECF No. 74), filed on November 10, 2020, and Plaintiff's Reply (ECF No. 81), filed on November 18, 2020.
- Plaintiff's Motion for Oral Arguments (ECF No. 69), filed on October 28, 2929, Defendants' Response (ECF No. 72), filed on November 9, 2020 and Plaintiff's Reply (ECF No. 80), filed on November 16, 2020.
- Plaintiff's Motion for Teleconference (ECF No. 73), filed on November 9, 2020.
- Plaintiff's Motion for Sanctions (ECF No. 84), filed on December 3, 2020, Defendants' Response (ECF No. 87), filed on December 29, 2020, and no reply filed.

Preliminarily, the District Judge entered an Order ECF No. 82 on November 25, 2020 disposing of the parties' competing motions for summary judgment which closed the case and

entered judgment in favor of Defendants.  As a result, the remaining discovery motions are largely moot.  As for Plaintiff's request for oral arguments and a teleconference (ECF Nos. 69 and 73), the Court will deny them as it finds these matters appropriately resolved without oral argument.  LR 78-1.  The three competing motions for sanctions concern Plaintiff's misrepresentations to the Court about the unpaid filing fee, which Defendants contend should result in sanctioning Plaintiff by finding he made harassing or unsupported statements.  The Court finds that it is unnecessary to sanction Plaintiff pursuant to NRS 209.451(1)(d)(1) for the alleged false statements he made about paying the filing fee and NDOC stealing it.  The Court does not credit Plaintiff's statements, but finds that given the procedural posture of this case, sanctions under Nevada law do not promote expeditious resolution of this case.  It is aware that Plaintiff, although pro se, is a prolific filer as he has been involved in over 50 cases in Nevada state and federal courts.  As such, further such conduct in which Plaintiff acts in bad faith may subject him to sanctions, but given the closure of this case, it is not appropriate under these circumstances.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions (ECF No. 63) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Countermotion for Sanctions (ECF No. 68) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Oral Arguments (ECF No. 69) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Teleconference (ECF No. 73) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (ECF No. 84) is **denied**.

DATED: January 26, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE